IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20214
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ARNULFO GONZALEZ-TORRES,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-661-2
--------------------
January 29, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Arnulfo Gonzalez-Torres appeals the sentence imposed following his guilty plea to transporting aliens within the United States and aiding and abetting the same.  He argues that the district court clearly erred under U.S.S.G. § 1B1.3 in holding him accountable for sexual assaults committed by his co-conspirator, because there was insufficient evidence to show that he knew or reasonably foresaw that the assaults were committed in furtherance of the conspiracy.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the case of jointly undertaken criminal activity, a defendant is responsible for all reasonably foreseeable acts and omissions of others in furtherance of the jointly taken criminal activity that occurred during the commission of the offense of conviction. U.S.S.G. § 1B1.3(a)(1)(B) (2000). We review for clear error the factual determination of a defendant's relevant conduct under U.S.S.G. § 1B1.3 United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001).

The following facts support the district court's finding by a preponderance of the evidence that sexual assault of the aliens was reasonably foreseeable to Gonzalez in furtherance of the jointly undertaken activity: (1) Gonzalez's presence when Santiago Gomez-Ruiz was threatened by Enrique Garces-Carmano with sexual assault for failure to pay smuggling fees; (2) Gonzalez's presence when Enrique Garces-Carmano instructed that an alien be prepared for a sexual assault; (3) Gonzalez's long history of association with Garces; and (4) Gomez's and Jaime Guerrero-Marquez's statements that numerous male aliens were sexually assaulted for failure to pay smuggling fees. The district court's finding was therefore plausible in light of the record as a whole and not clearly erroneous. See Cooper, 274 F.3d at 238.

AFFIRMED.